IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| PJ STEWART,<br><br>Plaintiff,<br><br>vs.<br><br>JUDGE ROBERT J. FARIS, *et al.*,<br><br>Defendants. | CIVIL NO. 15-00124 DKW-KSC<br><br>**ORDER DISMISSING COMPLAINT AND DENYING AS MOOT PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS** |

**ORDER DISMISSING COMPLAINT AND
DENYING AS MOOT PLAINTIFF'S APPLICATION
TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS**

**INTRODUCTION**

On April 14, 2015, Plaintiff pro se P.J. Stewart filed a Complaint and Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"). Stewart's Complaint asserts claims against United States Bankruptcy Judges Robert J. Faris and Lloyd King, and Hawaii Circuit Court Judge Bert I. Ayabe. Because the allegations relate solely to conduct by defendants acting within their judicial capacities, Stewart's claims are barred by the doctrine of

judicial immunity. Accordingly, the Court DISMISSES the Complaint with prejudice and DENIES the Application as moot.

**STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 1915(e), the Court subjects every *in forma pauperis* proceeding to mandatory screening and orders the dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (2000) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that fails to state a claim).

Stewart is proceeding pro se, and, therefore, the Court liberally construes his pleadings. *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)). The Court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). Nevertheless, the Court may dismiss a complaint pursuant to Federal Rule of Civil Procedure

12(b)(6) on its own motion. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under [Rule] 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."); *Ricotta v. Cal.*, 4 F. Supp. 2d 961, 968 n.7 (S.D. Cal. 1998) ("The Court can dismiss a claim *sua sponte* for a Defendant who has not filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6)."). Claims may also be dismissed *sua sponte* where the Court does not have federal subject matter jurisdiction. *Franklin v. Murphy*, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984); *see also* Fed. R. Civ. P. 12(h)(3); *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 593 (2004) ("[I]t is the obligation of both the district court and counsel to be alert to jurisdictional requirements.").

A plaintiff must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008). This tenet—that the court must accept as true all of the allegations contained in the complaint—"is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at

555). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 1949 (citing *Twombly*, 550 U.S. at 556). In other words, "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8. *Iqbal*, 556 U.S. at 679.

## **DISCUSSION**

Upon review of the Complaint and documents attached thereto, the Court finds that Stewart both seeks monetary relief against defendants who are immune from such relief and also fails to state a claim upon which relief may be granted.

Although difficult to decipher, it appears that Stewart challenges orders entered by Judges Faris, King and Ayabe in various proceedings, and challenges the ministerial duties undertaken by court staff to implement these orders. Stewart alleges that these judges "obstructed justice." Complaint at 2-3. The Complaint states that the defendants "improperly filed a notice that Plaintiff, under local rule

can be factually banned from filing and representing her clients." Complaint at 2. It also states that an unspecified judge "never had jurisdiction to make this order, and it is in direct violation of the practice of law from the bench." *Id.* She further alleges that "those who aid, abet, advise, act upon and execute the order of a judge who acts without jurisdiction are equally guilty, therefore I call to task, Judge Ayabe's staff, Judge King's Staff and Judge Faris's staff, Clerk Robin and Clerk MNM who signed on behalf of Judge Robert J. Faris, adding any other court staff[.]" *Id.*

The Complaint alleges as follows:

> 2. Judge Bert I. Ayabe as a member of the "bar" on 1-12-2015 struck against the government in "open court." I was forced to step behind the "bar" and called in court guards to remove me illegally. In doing so and if the guards had followed his orders, he would have made them his accomplices. He also practiced law stating that in Hawaii, only a bar member may assist their clients.
>
> 3. Judge Lloyd King on 3-23-2015, also as a member of a group "bar" struck against the government in open court. He also practiced law from the bench.
>
> . . . .
>
> 5. I protest the removal of any of my documents by the court clerks[.]

Complaint at 2-3.

Attached to the Complaint are two orders signed by Judge Faris in a bankruptcy matter, Adv. Pro. No. 15-90008: (1) Order Striking Miscellaneous Filings; and (2) Order Prohibiting Filings. These orders indicate that Stewart filed an adversary proceeding on behalf of debtors as a "private attorney general/whistleblower," and that she is not licensed to practice law or a member of the Hawaii state bar. These orders note that Stewart is not authorized to represent anyone other than herself in a court proceeding or to file documents on behalf of another under state law, Haw. Rev. Stat. § 605-14. Stewart takes issue with these orders, and alleges that "[t]here are no licensed attorney's [sic] only voluntary members of the ABA. . . thereby Judge Robert J. Faris practiced law from the bench." Complaint at 1.

Stewart's claims against Judges Faris, King and Ayabe fail to state a claim because judges are absolutely immune from liability for acts done by them in the exercise of their judicial functions. *See, e.g., Miller v. Davis*, 521 F.3d 1142, 1145 (9th Cir. 2008); *Mullis v. Bankr. Ct. for the Dist. of Nev.*, 828 F.2d 1385, 1388 (9th Cir. 1987) (holding that judges are absolutely immune from civil liability for damages for their judicial acts). Judicial immunity "is not limited to immunity from damages, but extends to actions for declaratory, injunctive and other equitable relief." *Moore v. Brewster*, 96 F .3d 1240, 1243 (9th Cir. 1996), superseded by

statute on other grounds as recognized in *Tia v. Mollway*, 2011 WL 2945813, at *4 (D. Haw. July 20, 2011). Judicial immunity is an immunity from suit, not just from ultimate assessment of damages. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991). "Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Id.* Judicial immunity applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Moore*, 96 F.3d at 1244 (citation and internal quotation marks omitted). "A judge is not deprived of immunity because he takes actions which are in error, are done maliciously, or are in excess of his authority." *Meek v. Cnty. of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999) (citing *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978)). Because Stewart's allegations unquestionably challenge core judicial functions, such as presiding over proceedings and maintaining control over the case docket, her claims are barred by the doctrine of judicial immunity.

Stewart's claims against unnamed court clerks and staff are also barred. A court clerk is entitled to absolute quasi-judicial immunity for acts performed in his or her official capacity, such as here, where the clerk's only involvement is a signature affixed to the judgment and other ministerial orders. *See Miller v. Gammie*, 335 F.3d 889, 895-96 (9th Cir.2003) (en banc) (finding that absolute

quasi-judicial immunity extends to individuals performing functions necessary to the judicial process); *Moore*, 96 F.3d at 1244 (holding that clerks of court had absolute quasi-judicial immunity from damages for civil rights violations when they performed tasks that were an integral part of the judicial process); *Sharma v. Stevas*, 790 F.2d 1486 (9th Cir. 1986) (holding that clerk of court had absolute quasi-judicial immunity under FTCA where his acts were integral part of judicial process). Stewart's claims against court clerks and staff are likewise DISMISSED.

Having screened the Complaint, the Court DISMISSES it and DENIES the Application as moot. Because defendants are absolutely immune from suit, Stewart has failed to assert a plausible claim for relief. And because of such immunity, the Court finds that granting Stewart leave to amend her Complaint would be futile—no amendment would remedy her inability to assert claims against the judges or court staff based on allegations that their conduct in the exercise of judicial functions violated Stewart's unspecified federal rights.

**CONCLUSION**

Based upon the foregoing, Stewart's Complaint is DISMISSED without leave to amend and her Application is DENIED as moot. The Clerk of Court is directed to close the case file.

IT IS SO ORDERED.

DATED: April 20, 2015 at Honolulu, Hawai'i.




Derrick K. Watson
United States District Judge

---

*PJ Stewart v. Judge Robert Faris, et al.;* Civil No. 15-00124 DKW KSC; **ORDER DISMISSING COMPLAINT AND DENYING AS MOOT PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS**